NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEILANI J. LAKE, | No. 18-55402 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-03021-GPC-JMA |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and submitted September 10, 2019
Pasadena, California

Before: WARDLAW, BENNETT, and MILLER, Circuit Judges.

Leilani Lake appeals the district court's order granting summary judgment in

favor of the Commissioner of Social Security on her claim for disability benefits,

which the administrative law judge ("ALJ") denied. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Substantial evidence supports the ALJ's finding that Lake was less than fully

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

credible. The ALJ found and Lake does not contest on appeal that: (1) Lake worked for several years with fibromyalgia and (2) the medical evidence contradicts Lake's claims of totally debilitating pain. Both findings are significant and serve as substantial evidence supporting the ALJ's credibility finding. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Substantial evidence supports the ALJ's finding that Lake is not disabled because she can perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). The ALJ was not required to discuss every piece of evidence in the voluminous medical record. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The ALJ was required to develop the record and interpret the medical evidence. *Id.* She did so here.

Finally, the ALJ properly followed all applicable procedures as required by 20 C.F.R. §404.1520a in considering the severity of Lake's mental impairments.

**AFFIRMED.**